IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00404-GPG

COREY PATRICK ROBINSON,

    Plaintiff,

v.

EL PASO COUNTY DEPT. OF HUMAN SERVICES,
COLORADO SPRINGS HOUSING AUTHORITY, and
BENNETTE VALLEY INVESTMENTS,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff Corey Patrick Robinson currently resides in Colorado Springs, Colorado. Plaintiff initiated this action by filing *pro se* a Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs.  On February 25, 2016, Magistrate Gordon P. Gallagher granted Plaintiff leave to proceed *in forma pauperis*.

    Magistrate Judge Gallagher then reviewed the merits of the Complaint, found that it failed to comply with Fed. R. Civ. P. 8, and directed Plaintiff to submit an amended complaint.  (*See* ECF No. 5).  Specifically, Magistrate Judge Gallagher informed Plaintiff that he failed to assert a statutory basis for jurisdiction for his claims and did not provide a short and plain statement of his claims showing that he is entitled to relief.  Further, Magistrate Judge Gallagher instructed Plaintiff that if he intended to assert a claim pursuant to 42 U.S.C. § 1983, he must identify (1) what the named defendant did to him; (2) when the defendant did the action; (3) how the action harmed

him; and (4) what specific legal right the defendant violated. Magistrate Judge Gallagher also told Plaintiff that he must allege personal participation by the named Defendants in the alleged constitutional violations, and articulated the standards for supervisory and municipality liability. Magistrate Judge Gallagher further informed Plaintiff that the State of Colorado and its entities are immune from suit for money damages under the Eleventh Amendment; but that the Eleventh Amendment does not bar a federal court action so long as a plaintiff seeks in substance only prospective relief and not retrospective relief for alleged violations of federal law against individual state officers. Finally, Magistrate Judge Gallagher told Plaintiff that he cannot state a claim based upon alleged violations of HIPPA because HIPPA does not create a private right of action.

This Court finds that Magistrate Judge Gallagher (1) correctly determined that the Complaint failed to comply with Rule 8; and (2) stated with detail what Plaintiff needed to do to amend in compliance with Rule 8. Because Plaintiff now has failed to comply with the February 25, 2016 Order to Amend within the time allowed, the Court will dismiss the action.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pampers* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice

pursuant to Fed. R. Civ. P. 41(b) for failure to file an Amended Complaint and for failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pampers* on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  31st  day of   March        , 2016.

BY THE COURT:


  s/Lewis T. Babcock

LEWIS T. BABCOCK, Senior Judge
United States District Court